**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

MAR 3 1 2006

|                          |   |                                          |
|--------------------------|---|------------------------------------------|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06- 58**              |
|                          | : | NANCY MAYER WHITTINGTON, CLERK           |
|                          | : | U.S. DISTRICT COURT                      |
| v.                       | : | **VIOLATION: 18 U.S.C. § 201(b)(2)(A)** |
|                          | : | **(Acceptance of bribes**               |
|                          | : | **by a public official)**               |
| **VICKI WHITMIRE-SHAW,** | : |                                          |
|                          | : |                                          |
| **Defendant.**           | : |                                          |

*hit This be filed.*
*Royce C. Lamberth*
*U.S.D.J. 3/31/06*

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its

attorney, the United States Attorney for the District of Columbia, and defendant VICKI

WHITMIRE-SHAW (hereinafter "SHAW"), with the concurrence of her attorney, Rita

Bosworth, agree and stipulate to the following facts in connection with defendant SHAW's plea

of guilty to a violation of 18 U.S.C. § 201(b)(2)(A) (acceptance of bribes by a public official).

Defendant SHAW was employed by the District of Columbia Department of Consumer

and Regulatory Affairs (DCRA) as an investigator for approximately six years until her

resignation in January of 2006. Her duties included conducting records searches and site visits of

various businesses and construction sites to determine whether the businesses or sites had

obtained the proper licenses, certificates of occupancy, contracting permits, and similar

documents authorizing activities at these locations. As part of her job as an investigator,

defendant SHAW was empowered to issue businesses notices of infraction, which could result in

the businesses being required to pay substantial fines. If a business was unable to provide

defendant SHAW with proper licensing, for example, she would seek certification that there was

no license reflected in the DCRA computer system. Once defendant SHAW received the

certification of no license, she was then empowered to issue a notice of infraction.

Defendant SHAW told law enforcement that for the first years of her employment as an investigator with the DCRA, she did not accept any bribes despite having been offered them by business owners. Beginning approximately three years ago, however, defendant SHAW stated she began to accept bribe payments from several businesses after she informed them of their violations and they offered money or slipped money into her bag in exchange for defendant SHAW not issuing a notice of infraction or "ticket" for the businesses' failures to have the required licenses, certificates or permits. Defendant SHAW received both cash payments and free services from beauty or nail salons and other businesses in exchange for SHAW not issuing infraction notices to the businesses because of the businesses' lack of licenses, certificates or permits. The amount of the payments made to SHAW by these businesses varied, the businesses sometimes paying approximately $200 to her each time she visited over several visits.

Defendant SHAW, acting in her capacity as a public official of the District of Columbia, identified businesses which did not have the necessary District of Columbia issued licenses, certificates or permits, and sporadically accepted bribe payments from these businesses in the form of cash or personal services provided to SHAW by the businesses in exchange for SHAW

not issuing the businesses tickets or notices of infraction.  During the course of approximately

three years, SHAW accepted bribe payments in the form of cash or services amounting to several

thousands of dollars.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR # #451058

BY: _____

ROBERT BOWMAN
D.C. Bar # 417176
DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEYS
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 353-2877 and (202) 353-9431
Robert.C.Bowman@USDOJ.Gov
Daniel.Butler@USDOJ.Gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, Rita Bosworth, I agree and stipulate to this Statement of the Offense.

Date: 3/31/06

Vicki Whitmire-Shaw
Defendant

I have discussed this Statement of Offense with my client, Vicki Whitmire-Shaw. I concur with his decision to stipulate to this Statement of Offense.

Date: 3-31-06

Rita Bosworth, Esq.
Attorney for Defendant Vicki Whitmire-Shaw

4