UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-058 (RCL) |
| v. : | |
| VICKI WHITMIRE-SHAW, : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Vicki Whitmire-Shaw.

**I. FACTUAL BACKGROUND**

On March 1, 2006, the government filed an Information charging defendant with acceptance of bribes by a public official, in violation of 18 U.S.C. § 201(b)(2)(A). On March 31, 2006, defendant pled guilty to the Information. Sentencing is now set before the Court on July 21, 2006, at 9:30 a.m.

According to the statement of offense filed in this matter and the Presentence Investigation Report ("PSR"), at page 4, ¶ 8-12, both of which were agreed to by the defendant, PSR, at page 5, ¶ 15, defendant was employed by the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") as an investigator for approximately six years until her resignation in January of 2006. Her duties included conducting records searches and site visits of various construction sites and businesses to determine whether the sites or businesses had obtained the proper licenses, certificates of occupancy, contracting permits, and the like. As part of her job as an investigator, defendant was empowered to issue businesses notices of infraction, which could result in the

businesses being required to pay substantial fines. If a business was unable to provide defendant with proper licensing paperwork, for example, she would seek certification that there was no license reflected in the DCRA computer system. Once defendant received the certification of no license, she was then empowered to issue a notice of infraction.

Defendant told law enforcement that for the first years of her employment as an investigator with the DCRA, she did not accept any bribes despite having been offered them by business owners. Beginning approximately three years before her resignation from DCRA, however, defendant stated she began to accept bribe payments from several businesses after she informed them of their violations and they offered money or slipped money into her bag in exchange for defendant not issuing a notice of infraction or "ticket" for the businesses' failures to have the required licenses, certificates or permits. Defendant received both cash payments and free services from beauty or nail salons and other businesses in exchange for not issuing infraction notices to the businesses because of the businesses' lack of licenses, certificates or permits. The amount of the payments made to defendant by these businesses varied, the businesses sometimes paying approximately $200 to defendant each time she visited over several visits.

Defendant, acting in her capacity as a public official of the District of Columbia, identified businesses which did not have the necessary District of Columbia issued licenses, certificates or permits, and sporadically accepted bribe payments from these businesses in the form of cash or personal services provided by the businesses in exchange for not issuing the businesses tickets or notices of infraction. During the course of approximately three years, defendant accepted bribe payments in the form of cash or services amounting to several thousands of dollars.

## II. UNITED STATES SENTENCING GUIDELINES

The United States Sentencing Guidelines ("USSG"), § 3E1.1, provides for a two-level decrease in a defendant's offense level for acceptance of responsibility, and, upon motion of the government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of the defendant's intent to plead guilty, an additional one-level decrease. The defendant meets the criteria for a three-level decrease and the government hereby moves that she be given a three-level decrease in her offense level for acceptance of responsibility.

The probation officer believes, and the United States concurs, that the defendant's resulting Total Adjusted Offense Level for the offense is 13, her Criminal History category is I, and her USSG range is 12 to 18 months. PSR, at page 5, ¶ 26, and page 10, ¶ 51. Because the applicable guidelines range is in Zone D, defendant is not eligible for probation. *Id.*, at page 10, ¶ 57.

## III. RECOMMENDATION

The defendant used her position with the DCRA to accept bribes.[1] By accepting these bribes, defendant allowed businesses in the community to operate although they had not met appropriate health, safety and/or training requirements. This conduct, with its resulting harm to the District of Columbia citizens and its government, is serious conduct that needs to be adequately punished. Moreover, beyond the harm to the District's citizens and government, the corruption of a public service institution itself is a wrong. Corruption by public officials in the District of Columbia, at whatever level, is a serious and, unfortunately, too often recurring matter. Corruption erodes the public confidence in government officials, employees and institutions. Citizens will trust, accept and

---

[1] Defendant has a problem resulting from her behavior, discussed in the PSR, at page 8, paragraph 41, that caused her financial difficulties.

comply with the requirements of a system they believe operates fairly, but not one that they do not believe does so. Moreover, although most public servants are honest and hard working, their morale is hurt by those who engage in corruption and their reputations suffer.

To her credit, once defendant was confronted by the investigators in this matter, she quickly admitted her illegal actions and agreed to plead guilty pre-indictment. She also resigned from the DCRA.

Accordingly, the government requests a three-level adjustment under the United States Sentencing Guidelines for defendant's acceptance of responsibility. As to the resulting guidelines range of 12 to 18 months, the government requests that the Court sentence defendant within the range, but defers to the Court as to the appropriate sentence within that range. Defendant does not appear to have the ability to pay a fine. PSR, at page 9, ¶ 49.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451058

By:          / s /
_____
DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov